**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

YUSUF ONAL,

Petitioner,

v.

Case No. 1:26-cv-02920-MIS-KRS

GEORGE DEDOS, in his official capacity as Warden of Torrance County Detention Facility; MARY DE ANDA-YBARRA, in her official Capacity as Director of the El Paso Field Office, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; DAVID J. VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER DENYING RESPONDENTS' MOTION TO STRIKE HABEAS PETITION AS MOOT AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Yusuf Onal's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 2, filed September 4, 2026. The federal Respondents[1] filed a Motion to Strike Habeas Petition as Moot on September 21, 2026 ("Motion"), ECF No. 7, to which Petitioner filed a Response on September 30, 2026 ("Response"), ECF No.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

8. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** Respondents' Motion and **GRANT** Petitioner's Petition.

## I. Background

Petitioner is a citizen of Turkey who entered the United States without inspection at or near El Paso, Texas on or about May 29, 2021. Pet. ¶ 4. The U.S. Department of Homeland Security ("DHS") took him into custody, placed him in removal proceedings, and released him on an Order of Supervision on Own Recognizance on June 9, 2021. Id. On April 6, 2022, Petitioner filed a Form I-589 Application for Asylum and for Withholding of Removal, id. ¶ 14, which remains pending, id. ¶¶ 15-17. Id. ¶ 14. He has been living peacefully in the United States for five years while pursuing asylum. Id. ¶ 17.

Nevertheless, on August 29, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner in a parking lot in Albuquerque, New Mexico, while he was working as a commercial truck driver. Id. ¶ 19. He has been in immigration detention ever since, and is currently detained at the Torrance County Detention Facility in Estancia, New Mexico. Id. ¶ 20

On September 4, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus. See id. As of that date, he had not received a bond hearing. Id. ¶ 21. The Court ordered Respondents to show cause why the Petition should not be granted and to specify "whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." ECF No. 4. On September 21, 2026, Respondents filed their Motion to Strike Habeas Petition as Moot, ECF No. 7, to which Petitioner filed a Response, ECF No. 8.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to

issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his detention violates the Immigration and Nationality Act ("INA"), id. ¶¶ 23-32, and the Fifth Amendment's Due Process clause, id. ¶¶ 33-44. He seeks immediate release or, in the alternative, an individualized bond hearing under 8 U.S.C. § 1226(a). Id. ¶¶ 46-47.

Respondents move to strike the Petition as moot on the grounds that "[a]fter Petitioner filed the habeas petition, the United States arranged and scheduled an individualized bond hearing for petitioner on September 14, 2026." Mot. at 1. However, "during the scheduled bond proceeding, Petitioner's attorney withdrew the request for a bond hearing, despite Petitioner's explicit claim in his habeas petition that he had been deprived of such a hearing." Id. Respondents further argue that the Petition should be denied because his detention during the pendency of this removal proceedings is constitutional. Id. at 3-4.

In his Response, Petitioner argues that the September 14, 2026, proceeding did not moot his Petition because: (1) "the Petition challenges the revocation of Petitioner's prior release without

constitutionally adequate process and seeks immediate restoration of his liberty as its primary remedy[,]" ECF No. 8 at 3; and (2) Petitioner's immigration counsel withdrew the request for a bond hearing without prejudice "to allow preparation of supporting materials[,]" and therefore did not abandon that form of relief, id. at 4. And in any event, a bond hearing without adequate procedural protections does not moot a habeas petition. Id. (citing Martinez Rodriguez v. Castro, No. 2:25-cv-01294-KG-JFR, 2026 WL 252503, at *2-3 (D.N.M. Jan. 30, 2026)). Petitioner further argues, inter alia, that Rule 12(f) does not provide any other basis to strike the Petition.

"An action becomes moot '[i]f an intervening circumstance deprives the plaintiff of a personal stake . . . at any point.'" Prison Legal News v. Fed. Bureau of Prisons, 944 F.3d 868, 880 (10th Cir. 2019) (quoting Brown v. Buhman, 822 F.3d 1151, 1165 (10th Cir. 2016)). "In a moot case, a plaintiff no longer suffers a redressable 'actual injury.'" Id. (quoting Ind v. Colo. Dep't of Corr., 801 F.3d 1209, 1213 (10th Cir. 2015)). "The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." Id. (quoting Brown, 822 F.3d at 1165-66). Importantly, "[t]he court must decide whether a case is moot as to 'each form of relief sought.'" Id. (quoting Collins v. Daniels, 916 F.3d 1302, 1314 (10th Cir. 2019)).

Here, the Petition is not moot because Petitioner still suffers a redressable actual injury—an illegal detention—for which the Court can order effectual relief—his immediate release. The Court finds that the September 14, 2026 hearing before the Immigration Judge did not deprive Petitioner of a personal stake in this matter.

The Court further finds that Petitioner is entitled to relief on the merits of his Petition for the reasons explained in Diallo v. Orozco, No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *2-5 (D.N.M. Mar. 4, 2026) and Cuauro v. Facility Warden, Case No. 2:26-cv-01110-MLG-KK, 2026 WL 1895912, at *2 (D.N.M. June 22, 2026), which the Court hereby adopts. See also Singh

v. Noem, 824 F. Supp. 3d 1197, 1209-15 (D.N.M. 2026). Briefly, on June 9, 2021, DHS released Petitioner from immigration detention on an Order of Supervision on Own Recognizance pursuant to 8 U.S.C. § 1226(a)(2) after an immigration officer made an initial determination that he was neither a danger to the community nor a flight risk. Cuaruro, 2026 WL 1895912, at *2 (citing 8 C.F.R. § 236.1(c)(8)). "Because he was initially released from Respondents' custody pursuant to § 1226(a)(2), the Court hereby finds his re-detention without an immigration court's finding of dangerousness or risk of flight constitutes a violation of the Fifth Amendment's Due Process Clause." Id.

> Specifically, the Court concludes that due process demands that Petitioner receive a pre-deprivation hearing[2] because (1) he has a clear liberty interest in remaining out of custody; (2) the risk of erroneous deprivation under the procedures used here is high, and the probable value of additional procedural safeguards is considerable, given that [Petitioner] was re-detained despite the Government's failure to provide any valid legal basis to justify his civil detention; and (3) the United States' interest in detaining him is low because they have already released him on his own recognizance, and the cost of a pre-deprivation hearing is minimal.

Id. (footnote in original as footnote 6) (citing Diallo, 2026 WL 608746, at *3-4).

Because Petitioner did not receive a pre-deprivation hearing, his detention is an ongoing violation of his right to due process. Id. (citations omitted). The Court therefore orders his immediate release. The Court further orders that Petitioner shall not be re-detained, absent a final order of removal, without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk (because it has already found that he is neither,

---

[2] The Mathews v. Eldridge balancing test guides this analysis. 424 U.S. 319, 335 (1976); see Diallo, 2026 WL 608746, at *3-4[.]

and Respondents do not assert that conditions have changed). Finally, the Court retains jurisdiction to ensure compliance with its Order.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. Respondents' Motion to Strike Habeas Petition as Moot, ECF No. 7, is **DENIED**;
2. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 2, is **GRANTED**;
3. Respondents are **ORDERED** to immediately release Petitioner Yusuf Onal from custody/detention without restraints beyond those that existed before his unlawful detention;
4. Respondents **SHALL NOT** re-detain Petitioner, absent a final order of removal, without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a); and
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE